UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TAMMY S. OSBY,

                Plaintiff,

        -against-

THE CITY OF NEW YORK; NEW YORK
CITY EMPLOYEES RETIREMENT SYSTEM
(NYCERS),

                Defendants.

22-CV-7660 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Tammy S. Osby, who resides in Virginia Beach, Virginia, brings this *pro se* action invoking the court's federal question jurisdiction. She alleges that her disability retirement pension was withheld from her, and that the City of New York retaliated against her based upon her disability and age. (ECF No. 2 at 2.) Named as Defendants are the City of New York and the New York City Employees' Retirement System (NYCERS). Plaintiff asserts that the events giving rise to her claims occurred in "Queens, NY, [and] Brooklyn, NY," where NYCERS offices are located. (*Id.* at 5.) The Court construes Plaintiff's allegations as asserting claims under the Employee Retirement Income Security Act of 1974 ("ERISA"). For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under the applicable venue provision for claims brought under ERISA:

> [w]here an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

29 U.S.C. § 1132(e)(2).

Plaintiff does not allege where the applicable plan is administered or where the alleged breach took place. She does allege, however, that NYCERS is located in Long Island City (Queens), New York, and Brooklyn, New York. (ECF No. 2 at 4.) Both NYCERS locations lie within the Eastern District of New York. 28 U.S.C. § 112(c). The City of New York resides in this judicial district as well as in the Eastern District of New York. *See* 28 U.S.C. § 112(b), (c). Thus, while this Court may be an appropriate venue for this action because the City of New York resides here, it is clear that the Eastern District of New York, where both Defendants reside or may be found, is a proper venue for this action.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. Both Defendants reside or may be found in the Eastern District of New York, and the underlying events most likely occurred in the Eastern District of New York. It is also reasonable to expect that all relevant documents and witnesses also would be located in the Eastern District of New York. The Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. By order dated November 17, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP). (ECF No. 5.) A summons shall not issue from this court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   December 8, 2022
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                             Chief United States District Judge